Catron, Judge,
delivered the opinion of the court. The defendant was indicted, “for that, on the first day of January, 1829, and on divers other days and times, between that day and the day of finding the indictment, he did,, and was in the constant habit and practice of haunting and frequenting bawdy houses, in the town of Nashville and county aforesaid, to the common nuisance and damage of the people,” &c.
Defendant was convicted and moved in arrest of judgment, which motion was overruled, and defendant fined and ordered to be imprisoned; from which he appealed in error to this court. The defendant was intended to be indicted for open and notorious lewdness, for the scandalous and public indecency of frequenting houses of ill-fame, because of its apparent tendency to corrupt the manners *483 and morals of the community. For the same reason, with . , others, brothels are indictable.
Fletcher and J. S. Yerger, for plaintiff in error.
A. Hays, Attorney General, for the state.
Both the offences are a common nuisance. (1 Hawk. ch. 74. The term “lewdness” in 4 Bl. Com. ch. 4, page 64, does not mean illicit intercourse, but gross indecency; as if one expose himself naked in the streets. Vide, Jac. Law. Dic. Lewdness.
The offence must be open and notorious and so alledged. (2 Lord Ray, 1197. If not open and notorious, the party may be bound to the peace by 34 of Edw. 3, ch. 1, (1 Hawk. P. C. 261,) but not indicted.
It must be expressly alleged, “that the defendant knowing the house to be a bawdy house, did haunt and frequent the same.’ Such is the authority in Pophm. Rep. and Jac. L. Dic. Bawdy house.
The indictment does not allege that the haunting, &c. was committed “openly and notoriously,” nor “that the-defendant knew the houses to be bawdy houses,” &c., for which reasons the judgment must be arrested. If the defendant did not know the character of the houses, he committed no offence. If he did not commit the indecency alleged in the public view, he was guilty of no offence for which the public in its corporate capacity, could punish him by indictment for a public nuisance.
That he- is guilty in fact, we believe, and therefore order him to be bound to appear at the next county court to be held' for Davidson county, to be proceeded against by a sufficient indictment.
Judgment reversed.